# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1632V

|  |  |
|---|---|
| LIDIA VEGA, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: June 4, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David A. Kleczek, Kleczek Law Office, Oakland, CA, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 21, 2019, Lidia Vega filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of her October 22, 2016 vaccination. Petition, ECF No. 1. On June 28, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 55.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $17,485.78 (representing $16,372.40 in fees, plus $1,113.38 in costs). Application for Attorneys' Fees and Costs ("Motion") filed December 13, 2024, ECF No. 59. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 59-4.

Respondent reacted to the motion on December 17, 2024, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-3, ECF No. 60. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner has requested that I apply the following hourly rates for work performed by attorney David A. Kleczek: $370.00 for time billed in 2017-18; $394.00 for time billed in 2019-20; $414.00 for time billed in 2021; $427.00 for time billed in 2022; $450.00 for time billed in 2023; and $475.00 for time billed in 2024. ECF No. 59-2. These rates require adjustment.

Mr. Kleczek was admitted to the Illinois Bar in 2002 and the California Bar in 2006 (ECF No. 61), placing him in the range of attorneys with 11-19 years' experience for work performed in the 2017-21 period, and in the range of attorneys with 20-30 years' experience for work performed in the 2022-24 period, based on the OSM Fee Schedules.[3] However, Mr. Kleczek is requesting hourly rate approvals for work performed in this matter *prior* to his being admitted to this Court's bar in August 2020.[4] An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Accordingly, all time billed by Mr. Kleczek between January 2017 and July 2020 will only be compensated at non-attorney rates. Application of the foregoing reduces the amount of fees to be awarded by **$1,266.30.**[5]

For time billed in the 2020-24 timeframe, however, I find Mr. Kleczek's proposed rates to be reasonable, and within the appropriate Fee Schedule ranges relevant to his level of experience and shall be adopted herein.

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] See billing entries between January 2017 – August 2019 at ECF No. 59-2.

[5] This amount is calculated as: ($370.00 - $153.00 = $217.00 x 4.30 hrs. = $933.10) + ($394.00 - $156.00 = $238.00 x 1.40 hrs. = $333.20) = $1,266.30.

*B. Paralegal Tasks Billed at Attorney Rates*

A few of the tasks performed by Mr. Kleczek in this matter are more properly billed using a paralegal rate.[6] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal in the Program. Application of the foregoing further reduces the fees to be awarded herein by **$2,226.40**.[7]

*C. Litigation Costs*

Petitioner requests $1,113.38 in overall costs. ECF No. 59-3. Such costs reflect the expenses of obtaining medical records, shipping costs, the Court's filing fee and costs related to certificates of good standing and admittance to the Court. I find most of the requested costs reasonable, with the exception of $573.06 in costs related to certificates of good standing and admittance to the Court. These charges are not reimbursable by the Vaccine Program. Additionally, Petitioner did not include a supporting receipt for $89.85 in FedEx shipping charges, so I disallow reimbursement of such unsupported cost. **Application of the foregoing reduces the total amount of litigation costs to be awarded by $662.91.**

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $13,330.17 (representing $12,879.70 in fees plus $450.47 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a

---

[6] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statement of completion, cover sheet, joint notices not to seek review, preparing requests for medical records, following up with medical records facilities and filing medical records. See billing entries dated: 2/21/21; 5/10/21; 6/11/21; 6/14/21; 6/15/21; 9/2/21; 3/14/24. ECF No. 59-2.

[7] This amount is calculated as follows: ($414.00 - $172.00 = $242.00 x 9.20 hrs.) = $2,226.40.

timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.